**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| Heather Newman, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT FOR DAMAGES**

The Plaintiff, **Heather Newman**, by and through the undersigned counsel, hereby files this Complaint for Damages against the Defendant, **United States of America**, and states as follows.

**JURISDICTION AND VENUE**

1. Pursuant to 28 U.S.C. § 1346(b), jurisdiction is proper for this action as this is an action against the United States for money damages caused by the negligent or wrongful act or omission of an employee of the Defendant, **United States of America**, while acting within the course and scope of their employment.

2. Pursuant to 28 U.S.C. § 1402(b), venue is proper in this judicial district in that Plaintiff, **Heather Newman**, resides in this judicial district.

3. At all times material, the Plaintiff, **Heather Newman**, was and is a resident of Baldwin County, Alabama, and is otherwise *sui juris*.

4. Defendant **United States of America** is the proper defendant in this action under the Federal Tort Claims Act.

**FACTS ALLEGED**

5.      On July 17, 2024, Plaintiff **Heather Newman** visited the Johnson Beach National Seashore ("National Park") in Pensacola, Florida.

6.      While Plaintiff **Heather Newman** was driving her vehicle on Johnson Beach Road, a pivoting arm gate maintained, operated, controlled, inspected, or supervised by federal personnel unlatched and swung into Plaintiff's vehicle.

7.      The pivoting arm gate was intended to remain latched to a connecting beam or other securing mechanism so that it would not swing into the roadway or into vehicles traveling on Johnson Beach Road.

8.      Upon information and belief, the pivoting arm gate was not properly latched, secured, maintained, inspected, or monitored before Plaintiff encountered it.

9.      Due to the gate being unsecured, and due to wind conditions then present, the pivoting arm gate swung into Plaintiff's vehicle and penetrated the engine area.

10.     Plaintiff's vehicle was identified as a 2023 Nissan Pathfinder Platinum with a mileage of 28,710 at the time of accident.

11.     The impact caused substantial damage to Plaintiff's vehicle, including damage to the engine area.

12.     As a direct result of the July 17, 2024 incident, Plaintiff **Heather Newman** sustained property damage and related losses including the total loss of the 2023 Nissan Pathfinder Platinum, loss-of-use damages, rental-related expenses, storage-related expenses, title-transfer expenses, taxes and fees, deductible-related losses, and other consequential damages in amounts to be proven.

## COUNT I: NEGLIGENCE UNDER THE FEDERAL TORTS CLAIMS ACT

13.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

14.     At all relevant times, federal employees, agents, representatives, or personnel responsible for Johnson Beach National Seashore owed Plaintiff a duty to use reasonable care in the operation, maintenance, inspection, securing, and monitoring of the pivoting arm gate and related roadway access equipment.

15.     Federal employees, agents, representatives, or personnel breached that duty by negligently or wrongfully failing to secure, latch, inspect, maintain, repair, operate, monitor, or warn of the pivoting arm gate.

16.     Federal employees, agents, representatives, or personnel knew or should have known that an unsecured pivoting arm gate could swing into the roadway and strike vehicles lawfully traveling on Johnson Beach Road.

17.     Federal employees, agents, representatives, or personnel failed to take reasonable measures to prevent the pivoting arm gate from becoming unsecured, swinging into traffic, or contacting vehicles using Johnson Beach Road.

18.     As a direct and proximate result of the negligent or wrongful acts or omissions of federal employees, agents, representatives, or personnel acting within the line and scope of their federal employment, Plaintiff's vehicle was struck and damaged.

19.     Plaintiff has suffered property damage, loss of use, rental-related expenses, storage-related expenses, title-transfer expenses, taxes and fees, deductible-related losses, and other consequential damages in amounts to be proven.

**WHEREFORE**, Plaintiff **Heather Newman** demands judgment in her favor and against Defendant **United States of America** for compensatory damages in an amount to be proven, costs where recoverable, interest where permitted by law, and such other and further relief as this Court deems just and proper.

*/s/ Yancey N. Burnett*
Yancey N. Burnett
Attorney for Plaintiff
Burnett Law Firm
8319 Spanish Fort, Blvd.
Spanish Fort, Alabama
Office: (251) 662-7500
Email: Ynburnett@yahoo.com

## JURY DEMAND

Plaintiff demands a trial by struck jury on all issues so triable.

*/s/ Yancey N. Burnett*
Yancey N. Burnett
